**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JUANETTE ROBERTS**                                                                **PLAINTIFF**

**v.**                              **CASE NO. 5:13-CV-0305 DPM**

**CRESTPARK STUTTGART, LLC,
STUTTGART VISION CLINIC
GEORGE M. DUNN, JR., ODPA,
CHERYL CONLEY and
MISTY COX, INDIVIDUALLY**                                              **DEFENDANTS**

<u>**ANSWER TO AMENDED COMPLAINT**</u>

Come Separate Defendants Stuttgart Vision Clinic, LLC, George M. Dunn, Jr., ODPA, and Cheryl Conley, by and through their counsel Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for their answer to Plaintiff's Amended Complaint, states:

1.      Separate Defendants deny that this Court has jurisdiction and venue related to them as alleged in Paragraph 1 of Plaintiff's Amended Complaint.

2.      Paragraph 2 of Plaintiff's Amended Complaint merely sets forth the nature of the action and no response is necessary.   To the extent Paragraph 2 of Plaintiff's Amended Complaint makes allegations against Separate Defendants, those allegations are denied.

3.      Paragraph 3 of Plaintiff's Amended Complaint merely sets forth the relief requested and no response is necessary.   To the extent Paragraph 3 of Plaintiff's Amended Complaint makes allegations against Separate Defendants, those allegations are denied.

4.      Separate Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of Plaintiff's Amended Complaint, and therefore denies the allegations.

5.      The allegations in Paragraph 5.A. of Plaintiff's Amended Complaint concern a separate defendant and are best answered by that separate defendant.

6.      Separate Defendants admit that Stuttgart Vision Clinic is located in Stuttgart, Arkansas County, Arkansas and is licensed to do business in the State of Arkansas as alleged in Paragraph 5.B. of Plaintiff's Amended Complaint.   Separate Defendants deny all other allegations in Paragraph 5.B. of Plaintiff's Amended Complaint.

7.      Separate Defendants admit the allegations in Paragraphs 5.C. and 5.D. of Plaintiff's Amended Complaint.

8.      The allegations in Paragraph 5.E. of Plaintiff's Amended Complaint concern a separate defendant and are best answered by that separate defendant.

9.      Separate Defendants are without sufficient information to admit or deny the allegations in Paragraph 6.A.1., 6.A.2., and 6.A.3. of Plaintiff's Amended Complaint and therefore deny the allegations.

10.      Separate Defendants admit the allegations in Paragraph 6.A.4. of Plaintiff's Amended Complaint.

11.      Separate Defendants deny the allegations in Paragraph 6.A.5., 6.A.6., and 6.A.7. of Plaintiff's Amended Complaint.

12.      Separate Defendants are without sufficient information to admit or deny the allegations in Paragraph 6.A.8., 6.A.9., 6.A.10., 6.A.11., 6.A.12., 6.A.13., 6.A.14., 6.A.15., 6.A.16., 6.A.17., 6.A.18., 6.A.19., and 6.A.20. of Plaintiff's Amended Complaint and therefore deny the allegations.

13.      The allegations in Paragraph 6.A.21. of Plaintiff's Amended Complaint concern other separate defendants and are best answered by those separate defendants.   To the extent

Paragraph 6.A.21. of Plaintiff's Amended Complaint make allegations against Separate Defendants, those allegations are denied.

14.     Separate Defendants deny the allegations in Second Paragraph 6.A.1., 6.A.2., and 6.A.3. of Plaintiff's Amended Complaint (Count II).

15.     Separate Defendants deny the allegations in Paragraphs 7.A., 7.B., and 7.C. of Plaintiff's Amended Complaint.

16.     Separate Defendants deny that the Plaintiff is entitled to the relief requested in the WHEREFORE Paragraph and its subparts of Plaintiff's Amended Complaint.

17.     Separate Defendants deny each and every material allegation not specifically admitted herein.

18.     Separate Defendants affirmatively assert that the claims against them fail to state claim upon which relief can be granted and they should be dismissed as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

19.     Separate Defendants affirmatively plead that Plaintiff's Amended Complaint fails to state facts sufficient to justify an award of punitive damages.

20.     Separate Defendants affirmatively plead that Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Arkansas law by a jury does not provide constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award.

21.     Separate Defendants affirmatively plead that Plaintiff's claim for punitive damages against it is barred, in whole or in part, because an award of punitive damages under Arkansas law would violate the Separate Defendants' due process rights and equal protection

rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, & 8 of the Arkansas Constitution.

22.     Separate Defendants affirmatively plead that Plaintiff's claim for punitive damages cannot be sustained because Arkansas law regarding the standards for determining liability for and the amount of punitive damages fail to give the Separate Defendants prior notice of the conduct for which punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for vagueness in violation of Separate Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution.

23.     Separate Defendants affirmatively plead that Plaintiff's claim for punitive damages cannot be sustained because Arkansas law fails to establish necessary constitutional procedures to protect against the risk of a jury awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon non-parties in violation of Separate Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution. *See Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

24.     Separate Defendants affirmatively assert that Plaintiff's claims for punitive damages against it cannot be sustained, because an award of punitive damages under Arkansas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages, or a maximum amount on the amount of punitive damages that may be imposed, would violate Separate Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution.

25.     Separate Defendants affirmatively plead that Plaintiff's claims for punitive damages against it cannot be sustained, because an award of punitive damages under law which allows Plaintiff to prejudicially emphasize the corporate status of any of the Separate Defendants violates such Separate Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

26.     Separate Defendants affirmatively assert that Plaintiff's claim for punitive damages against them cannot be sustained because any award of punitive damages made under a process which fails to bifurcate the issue of punitive damages from the remaining issues would violate Separate Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

27.     Separate Defendants affirmatively assert that Plaintiffs' claim for punitive damages cannot be sustained by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award for punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of Separate Defendants, (4) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon non-parties, (5) is not

provided constitutionally adequate procedures to protect against the risk of an award of punitive damages that seeks to punish a defendant for having caused injury to others, (6) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (7) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages, and (8) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards. This would violate Separate Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Sections 2, 3 and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

28. Separate Defendants affirmatively assert that Plaintiff's claim for punitive damages against it cannot be sustained because any award of punitive damages made under a process which fails to protect against the risk of a jury awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, to punish a Defendant for having caused injury to non-parties would violate the Separate Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas. *See Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

29. Plaintiff's claim for punitive damages against Separate Defendants cannot be sustained, because an award of punitive damages in this case, combined with any prior,

contemporaneous, or subsequent judgments against Separate Defendants for punitive damages, would constitute impermissible multiple punishments in violation of Separate Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and Article II, Sections 2, 3 and 8 of the Arkansas Constitution.

30.     Separate Defendants affirmatively assert that this matter should be dismissed as a matter of law pursuant to Rule 12(b)(1), 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure.

31.     Separate Defendants request leave of the Court to file an Amended Answer as permitted by the Federal Rules of Civil Procedure after their attorney has conducted preliminary investigation and discovery of the events on which the Amended Complaint is based and is in a position, through discovery or other investigation, to amend these pleadings.

32.     Separate Defendants reserve the right to plead further including the reservation of all third party complaints and affirmative defenses required to be plead once discovery has progressed in this matter.

33.     Separate Defendants reserve the right to plead further including the reservation of all affirmative defenses required to be plead in its initial pleading.

34.     Separate Defendants affirmatively assert all provisions of the Civil Justice Reform Act of 2003 as a bar or limitation to Plaintiffs' Complaint.

WHEREFORE, Separate Defendants, Stuttgart Vision Clinic, LLC, George M. Dunn, Jr., ODPA, and Cheryl Conley pray that the Plaintiff's Amended Complaint be dismissed with prejudice, for its costs and attorney's fees, and for any and all other relief to which it may be entitled.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,
  GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas  72201-3525
(501) 688-8896 phone
(501) 918-7896 fax
smiller@mwlaw.com


By  */s/ Stuart P. Miller*
       Stuart P. Miller
       Ark. Bar No.  88137

## CERTIFICATE OF SERVICE

I, Stuart P. Miller, do hereby certify that I filed the foregoing document via CM/ECF on this 20th day of January, 2014 which shall provide notice of filing upon the following attorney of record:

Sandra Y. Harris
P.O. Box 1052
Pine Bluff, AR  71613


*/s/ Stuart P. Miller*
Stuart P. Miller