IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JUANETTE ROBERTS                                                    PLAINTIFF

v.                              No. 5:13-cv-305-DPM

CRESTPARK STUTTGART, LLC;
STUTTGART VISION CLINIC;
GEORGE M. DUNN, JR., ODPA;
CHERYL CONLEY; and MISTY
COX, Individually

                                                                  DEFENDANTS

ORDER

The parties stipulate and the Court Orders as follows.

1.     During the course of this litigation, the parties may identify and

agree to produce certain documents containing confidential and personal

information about the parties and other individuals who aren't parties to this

action.  This Order ensures that these documents are restricted to persons

involved with this litigation.  Specifically, Roberts may identify and agree to

produce her own medical and financial records. Defendants may identify and

agree to produce personnel records of third parties.  These documents and

information are subject to the provisions of this Order.

2.     During the course of discovery, the parties may request additional

personal, confidential, or proprietary documentation from each other or from

third parties.  If any documents that will be produced contain personal, confidential, or proprietary information, the producing party may mark the documents "CONFIDENTIAL."  Any document so marked shall not be disclosed to any person except as permitted by this Order.  The designation of any document as "CONFIDENTIAL" shall be made in good faith, and the parties shall have ten days after service of documents marked "CONFIDENTIAL" to challenge the designation by filing a motion with the Court.  If personal, confidential, or proprietary information is disclosed in response to an interrogatory, the answering party may designate the response as confidential information by conspicuously stamping the interrogatory answer with the word "CONFIDENTIAL."

Parties to this action may also designate deposition testimony that reveals personal, confidential, or proprietary information as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.  The parties will redact confidential information from any documents produced in the course of this litigation pursuant to the Rule 5.2 of the Federal Rules.  The parties

reserve, however, the right to file with the Court a motion to produce should any confidential information become relevant to the litigation of this matter.

3.    The use of any documents or information subject to this Order shall be restricted to the following persons:

(a)    The parties to this litigation;

(b)    counsel for the parties and their paralegals and clerical employees;

(c)    witnesses or prospective witnesses, including but not limited to persons requested by counsel to furnish technical or other expert service, to give testimony or to otherwise prepare for any deposition, hearing, trial, or any other proceeding in this action, provided that witness or prospective witness agrees to be expressly bound by the terms of this Order and not disclose the documents or information in the documents to any party or person outside this litigation; and

(d)    the Court and its personnel, including the stenographic reporters not regularly employed by the Court who are engaged by the parties or the Court during the litigation of this case.

3

**4.**     When this action ends, whether by way of completion of the

litigation process, trial, and any appeal in this action and the satisfaction of any

judgment, or upon the conclusion of settlement of this action, all persons

subject to this Order shall return to the producing party, upon request, all

documents and information subject to this Order, including any copies, prints,

negatives, or summaries in the possession of employees, experts, or

consultants employed or retained by counsel for the parties, except those items

compromising any appellate record, hearing record, deposition, trial court

record, privileged communications, or attorney work product. This Court's

jurisdiction to enforce this Order shall end one year after this action ends.

Thereafter, the parties' obligations under this Order shall be solely a matter of

contract between themselves.

**5.**     Whenever any document containing confidential information is

entered into the record, the document shall be redacted pursuant to Rule 5.2

of the Federal Rules.  The document shall be filed under seal only when

redaction is not practicable. The document shall not be filed under seal when

used as evidence at trial.

4

**6.**    No party shall seek sanctions based on an application to the Court

for an interpretation of confidentiality pursuant to this Order.  Each party shall

bear its own attorney's fees related to any application for interpretation.

So Ordered.

D.P. Marshall Jr.
United States District Judge

2 July 2014

5